```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

TONY STOKES a/k/a                :
Troy X. DeBrouex,
      Plaintiff        :

                         :
      vs.                        CIVIL NO. 1:CV-09-0218
                         :

SURGEON DOCTOR SUSAN HERSH, :
et al.,
      Defendants       :


*M E M O R A N D U M*


I.    *Introduction*

       The pro se plaintiff, Tony Stokes, a/k/a Troy X. DeBrouex, filed this lawsuit against Susan Hersh, M.D., and Mercy Hospital, which he identifies as formerly being Misericordia Hospital, located in Philadelphia, Pennsylvania. Plaintiff has been allowed to proceed in forma pauperis, so we review his complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for legal sufficiency before allowing it to proceed.

       Under section 1915(e)(2)(B)(ii), the court must dismiss a case if it "fails to state a claim on which relief may be granted." In applying this statutory screening requirement, we employ the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). Thus, we accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in Plaintiff's favor. *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974. "[M]ore than labels and conclusions" are required. *Id.* at 555, 127 S.Ct. at 1964-65.

II.   *Background*

Plaintiff alleges the following. In September 1989, he was admitted to the defendant hospital after he was shot four or five times in the abdomen. Defendant Hersh performed surgery on him, and he was told that all of the bullets had been removed. However, at the end of 2007 and the beginning of 2008, Plaintiff started feeling a bad pain in his back while he was incarcerated at SCI-Somerset, Somerset, Pennsylvania.[1] He was x-rayed and a bullet was discovered between the fourth and fifth vertebrae. Plaintiff is suing Doctor Hersh (in her personal and official capacities) and the Hospital for damages, alleging that their negligence and reckless conduct caused him injury.

---

[1] Plaintiff is currently confined at SCI-Smithfield, Huntingdon, Pennsylvania.

III.    *Discussion*

The complaint potentially raises two claims, a civil-rights claim under 42 U.S.C. § 1983 and a state-law negligence claim. Plaintiff fails to state a claim upon which relief may be granted on the civil-rights claim, and we lack jurisdiction over the state-law claim. Hence, this action will be dismissed, but with leave to amend to see if Plaintiff can cure the defects in the civil-rights claim.

To state a section 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Putting aside the second element, Plaintiff here cannot satisfy the first one because the complaint fails to allege any facts that would support the inference that the defendant hospital and doctor were acting under color of state law. For example, Plaintiff has failed to allege the circumstances surrounding his shooting, who transported him to the Hospital, how he was transported, or how the Hospital was chosen as the place to take him. As the complaint stands now, his injury appears to be the result of purely private activity that happened at a private institution employing Dr. Hersh as a private individual. Plaintiff will be

3

granted leave to amend to allege facts supporting state action, if such facts exist and can be alleged in good faith.

Further, while reckless conduct in the medical-care context is actionable, negligence is not, *see generally Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993)(negligence cannot support an Eighth Amendment medical claim), so Plaintiff's civil-rights claim based on negligence fails, regardless of whether Plaintiff can amend to cure the defect in his state-action allegations.

Absent a valid civil-rights claim, we lack jurisdiction over the state-law medical-malpractice claim.[2] Our jurisdiction over this state-law claim must be based on diversity of citizenship under 28 U.S.C. § 1332. The claim fails to meet two requirements for such jurisdiction. First, Plaintiff only seeks $50,000 in damages, but section 1332(a) requires the amount in controversy to exceed $75,000. Second, there is not complete diversity between the parties; while we do not know the residence of Dr. Hersh, both Plaintiff and the Hospital are citizens of Pennsylvania. See *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt. Inc.,* 316 F.3d 408, 410 (3d Cir. 2003).

---

[2] If there were a valid civil-rights claim, we would have supplemental jurisdiction over the state-law claim. *See* 42 U.S.C. § 1367(a).

4

       We will issue an appropriate order.

                                        <u>/s/William W. Caldwell</u>
                                        William W. Caldwell
                                        United States District Judge

Date: April 13, 2009

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


TONY STOKES a/k/a              :
Troy X. DeBrouex,
          Plaintiff            :

                               :
          vs.                              CIVIL NO. 1:CV-09-0218
                               :

SURGEON DOCTOR SUSAN HERSH,    :
et al.,
          Defendants           :
```

*O R D E R*

AND NOW, this 13th day of April, 2009, upon review of the complaint (doc. 1) under 28 U.S.C. § 1915(e)(2)(B)(ii) for legal sufficiency, it is ordered that:

    1. Plaintiff is granted twenty days from the date of this order to file an amended complaint providing sufficient allegations to show that the defendants were acting under color of state law.

    2. If Plaintiff fails to do so, this action will be dismissed without prejudice.

                                    /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge